**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd., Ste. 535
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (510) 570-3815
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
DIEGO MAGDALENO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIEGO MAGDALENO,**  **Plaintiff,**  vs.  **COLUMBIA DEBT RECOVERY, LLC DBA GENESIS,**  **Defendant(s)** | Case No.: 8:24-cv-1947  **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**  1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**  2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. § 1788]**  3. **VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE §1785.25(A)** |

- 1 -

## INTRODUCTION

1. DIEGO MAGDALENO (Plaintiff) brings this action to secure redress from COLUMBIA DEBT RECOVERY, LLC dba GENESIS (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. § 1788. Plaintiff also brings this action to secure redress from Defendant for violations of the California Consumer Credit Reporting Act (CCCRA), Cal. Civ. Code § 1785.25(a).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Orange County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a limited liability company engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Washington. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and RFDCPA.

# FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. The alleged debt in question pertains to rent and other "move out" charges stemming from Plaintiff's renting of an apartment as his personal residence.

9. Defendant has been seeking to collect nearly $10,000 in purported unpaid rents and charges, however this is not correct.

10. Plaintiff qualified for and received COVID-19 rental relief, which Plaintiff notified Defendant in writing as such in January of 2024.

11. Notwithstanding, nearly two (2) months later in March of 2024, Defendant reports the full incorrect balance owed on Plaintiff's personal credit reports.

12. Further, Defendant's agents falsely advised Plaintiff that he would owe the rent regardless of COVID-19 relief, and that any COVID-19 relief would be paid to him directly so he would need to send the funds to Defendant – which is inaccurate.

13. As a result, Defendant is not only continuing to seek collection of the erroneous debt by way of credit reporting, Defendant is also falsely representing to the credit viewing public that Plaintiff owes a sum of money that he does not in fact owe.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   (a) Defendant violated 15 U.S.C. §1692e(8) by failing to report Plaintiff's alleged debt to the credit reporting bureaus as disputed by Plaintiff;

   (b) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))**

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

20.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

21.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

22.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

23.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### THIRD CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

24.     Claimant incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     Respondent violated the RFDCPA.  Respondent's violations include, but are not limited to, the following:

(a)     Respondent violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

1  Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair
2  Debt Collection Practices Act).

3      26.    Respondent's acts, as described above, were done intentionally with
4  the purpose of coercing Claimant to pay the alleged debt.

5      27.    As a result of the foregoing violations of the RFDCPA, Respondent
6  is liable to Claimant for actual damages, statutory damages, and attorney's fees and
7  costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b)    Statutory damages pursuant to statute(s);

(c)    Punitive damages pursuant to statute;

(d)    Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e)    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: September 9, 2024        **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*